CRAIG CARPENITO
United States Attorney
KRISTIN L. VASSALLO
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
Tel: (973) 645-2835
Fax: (973) 297-2010
E-mail: kristin.vassallo@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY,<br><br>    *Plaintiff,*<br><br>  v.<br><br>GATEWAY CONSTRUCTION, *et al.,*<br><br>    *Defendants.* | HON.<br><br>*Civil Action No.*<br><br>**NOTICE OF REMOVAL** |

To: Clerk, Superior Court of New Jersey
   Monmouth County, Law Division
   71 Monument Park
   Freehold, New Jersey 07728

   Michelle M. Smith, Esq., Clerk
   Office of the Superior Court Clerk
   Richard J. Hughes Justice Complex
   25 W. Market Street, 6th Floor North Wing
   P.O. Box 971
   Trenton, NJ 08625

   Robert F. DiStefano, Esq.
   Clark & DiStefano, P.C.
   1500 Meeting House Road
   Post Office Box 235
   Sea Girt, NJ 08750
   Attorney for Plaintiff

PLEASE TAKE NOTICE that the case of *Liberty Mutual Insurance Company v. Gateway Construction, et al.*, previously pending in the Superior Court of New Jersey, Monmouth County, Law Division, assigned Docket Number MON-L-10-18, is hereby removed to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § 2679(d).   The United States of America is hereby substituted for defendant Robert E. Bowe, pursuant to 28 U.S.C. § 2679(d)(2). The United States, now substituted as a defendant in this matter, through its attorney, Craig Carpenito, U.S. Attorney for the District of New Jersey (Kristin L. Vassallo, Assistant U.S. Attorney, appearing), states as follows upon information and belief:

1. On or about January 2, 2018, the plaintiff, Liberty Mutual Insurance Company, filed a complaint naming Robert E. Bowe, Jose L. Fernandes, Gateway Construction, and various John Does/Doe Corporations as defendants in the above-captioned action, which was filed in the Superior Court of New Jersey, Monmouth County, Law Division. A copy of the relevant summons and complaint is attached hereto as Exhibit A.

2. The complaint demands judgment for payments that Liberty Mutual paid on behalf of Seungkyu Lee, who was allegedly injured in a car accident involving the defendants.

3. At all times relevant to this complaint, Robert E. Bowe was an employee of the U.S. Department of Justice, Drug Enforcement Administration, a federal agency.

4. Pursuant to 28 U.S.C. § 2679(d)(2) and 28 C.F.R. § 15.4, the United States Attorney's Office has certified that Robert E. Bowe was acting within the scope of his federal employment with the Drug Enforcement Administration at the time of the incident at issue in the complaint. A certification of scope of employment is attached as Exhibit B.

5. 28 U.S.C. § 2679(d)(2) provides that the Federal Tort Claims Act is the exclusive remedy for tort claims against the United States. Robert E. Bowe has personal immunity and the United States is the only cognizable and proper defendant as to the state law tort claims Liberty Mutual has asserted against him in this action. Moreover, as a result of the certification of scope of employment attached to this complaint, this action is now deemed to be brought against the United States.

6. The United States district courts have exclusive jurisdiction over tort actions filed against the United States under the FTCA.  *See* 28 U.S.C. § 1346(b).

7. Federal law directs that "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending." 28 U.S.C. § 2679(d)(2).   On information and belief, no trial date for this matter has been set by the state court.

8. Accordingly, the United States District Court for the District of New Jersey has exclusive jurisdiction over this action under 28 U.S.C. § 1346(b), and this action is properly removed to this Court pursuant to 28 U.S.C. § 2679(d)(2).

9. A copy of this Notice of Removal and the accompanying letter, attached hereto as Exhibit C, will be filed with the Clerk of the Superior Court of New Jersey, Monmouth County, Law Division. Copies of the Notice of Removal will also be served on all parties that have appeared in the action in accordance with 28 U.S.C. § 1446(d).

THEREFORE, in accordance with 28 U.S.C. § 2679(d)(2), the above-captioned action brought in the Superior Court of New Jersey, Monmouth County, Law Division, is hereby removed to the United States District Court for the District of New Jersey for further proceedings.

Dated:    Newark, New Jersey
          February 13, 2018

                                        Respectfully submitted,

                                        CRAIG CARPENITO
                                        United States Attorney

                                By:     /s/ Kristin L. Vassallo
                                        KRISTIN L. VASSALLO
                                        Assistant United States Attorney