# EXHIBIT A

ATTORNEY OF RECORD'S NAME: ROBERT F. DiSTEFANO, ESQ.
NJ ATTORNEY ID# 015861993
CLARK & DiSTEFANO, P.C.
ATTORNEYS AT LAW
1500 MEETING HOUSE ROAD
POST OFFICE BOX 235
SEA GIRT, NEW JERSEY 08750
{732} 528-9111
ATTORNEY FOR PLAINTIFF{S}
OUR FILE NO: 5020.5844

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY<br>a Corporation<br><br>PLAINTIFF(S)<br><br>-VS-<br><br>GATEWAY CONSTRUCTION, a company, corporation<br>And/or other business entity, JOSE L. FERNANDES,<br>ROBERT E. BOWE, JOHN DOES, fictitious persons and/or entities<br>and DOE CORPORATION, a fictitious entity<br><br>DEFENDANT(S) | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MONMOUTH COUNTY<br><br>DOCKET NO.: L-10-18<br><br>CIVIL ACTION<br><br><br><br><br><br>SUMMONS |

Gateway Construction, 9-11 Foundry Street, Newark, NJ 07105
Jose L. Fernandes, 9-11 Foundry Street, Newark, NJ 07105
Robert E. Bowe, 179 Sadler Road, Bloomfield, NJ 07003

From the State of New Jersey, To the Defendant{s} Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within {35} days from the date you received this summons, not counting the date you received it. {The address of each deputy clerk of the Superior Court is provided}. A $175.00 filing fee payable to the Clerk of the Superior Court and completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford to pay an attorney, you may call a Legal Services Office in the county where you live. A list of these offices is provided. If you do not have an attorney or are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated: 01/03/18

/s/ Michelle M. Smith
MICHELLE M. SMITH
Clerk of the Superior Court

```
MONMOUTH COUNTY
SUPERIOR COURT
PO BOX 1269
FREEHOLD         NJ 07728
                                        TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (732) 677-4240
COURT HOURS  8:30 AM - 4:30 PM

                         DATE:    JANUARY 02, 2018
                         RE:      LIBERTY MUTUAL INSUR ANCE CO.  VS GATEWAY CONSTRU
                         DOCKET:  MON L -000010 18

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 1.

     DISCOVERY IS   150 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON PAUL X. ESCANDON

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    004
AT:  (732) 677-4242 EXT 4242.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                         ATTENTION:
                                    ATT: ROBERT P. CLARK
                                    CLARK & DI STEFANO PC
                                    1500  MEETING HOUSE ROAD
                                    PO BOX 235
                                    SEA GIRT         NJ 08750

ECOURTS
```

4. At the time and place aforesaid, the defendant, Gateway Construction, a company, corporation and/or other business entity (hereinafter mentioned "Gateway"), Jose L. Fernandes and/or John Does, fictitious persons and/or entities, were the owners of a certain motor vehicle, then and there being operated by the defendant, Robert E. Bowe, individually and as agent, servant and/or employee of the defendants, Gateway Construction, Jose L. Fernandes and/or John Does, fictitious persons and/or entities, which was proceeding northbound on Route 1, behind the plaintiff's insured, located aforesaid, in such a careless, reckless and negligent manner, so as to cause same to collide with and strike the rear of the plaintiff's insured's motor vehicle.

5. As a result of the negligence of the defendants, Gateway Construction, Jose L. Fernandes and/or John Does, fictitious persons and /or entities, as aforesaid, the plaintiff's insured, Seungkyu Lee, suffered severe and permanent injuries, endured great pain and suffering, incurred expense in an effort to treat his injuries and was prevented from attending to his lawful occupation and affairs.

6. As a result of the aforesaid, the plaintiff's insured, Seungkyu Lee, made a claim upon the plaintiff for the payment of personal injury protection benefits in accordance with the terms of his policy

7. As a result of that claim, the plaintiff has made payments for benefits for personal injury protection in accordance with N.J.S.A. 39:6A-4 et seq.

**WHEREFORE**, the plaintiff demands judgment against the defendants, Gateway Construction, Jose L. Fernandes and/or John Does, fictitious persons and /or entities, for damages, together with interest and costs of suit.

## SECOND COUNT

1. The plaintiff repeats the allegations of the first count and makes the same a part hereof.

2. At the time of the accident alleged, the defendants, Gateway Construction, Jose L. Fernandes and/or John Does, fictitious persons and /or entities, were either obligated to maintain liability insurance coverage in accordance with *N.J.S.A. 39:6B-1., et.* seq., or was otherwise insured under a policy or polices of liability or excess insurance.

3. At the time and place aforesaid, Doe Corporation, a fictitious entity, was a liability insurance carrier for the defendants, Gateway Construction, Jose L. Fernandes and/or John Does, fictitious persons and /or entities, providing coverage or excess coverage for liability to others.

4. *N.J.S.A. 39:6A-9.1* compels the insurance company of insured tortfeasors to arbitrate claims for the recovery of personal injury protection benefits by PIP payors, such as the plaintiff herein, and the plaintiff herein is entitled to a claim for direct reimbursement of benefits against the insurer, Doe Corporation, a fictitious entity.

5. In the event that the defendants are insured by the defendant, Doe Corporation, a fictitious entity, for liability or excess insurance at the time of the accident herein, the defendant, Doe Corporation, a fictitious entity, is responsible for reimbursement to the plaintiff herein and must arbitrate the plaintiff's claims before an appropriate arbitration forum.

**WHEREFORE**, the plaintiff demands declaratory judgment:
   a. Declaring that the defendant, Doe Corporation, a fictitious entity, is obligated to arbitrate the plaintiff's claims for personal injury protection benefits paid to it's insured;
   b. Compelling the defendant, Doe Corporation, a fictitious entity, to arbitrate the claims of the plaintiff and naming the appropriate arbitration forum for the arbitration of the plaintiff's claims;
   c. Costs of suit;
   d. For such other relief as the Court may deem just and equitable.

## TRIAL COUNSEL DESIGNATION

Pursuant to R. 4-5-1{c}, Robert P. Clark, Esquire, is hereby designated as trial counsel in this matter.

## JURY DEMAND

Pursuant to R. 4:35-1, plaintiff demands a panel of six persons at the time of the trial in the within matter.

## CERTIFICATION OF OTHER ACTIONS

The undersigned hereby certifies that to the best of my knowledge, information, and belief, the within action is not the subject of any other action, or arbitration, pending or contemplated, and there are no parties known at this time who should be joined in this matter.

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to R. 4:10-2{b}, demand is hereby made for the defendant to provide answer to the within Demand for Discovery of Insurance Coverage within the time set forth in the Rules of Court.

## REQUEST FOR INTERROGATORIES

Pursuant to R. 4:17-1, et seq., demand is hereby made as to the defendant for answers to interrogatories within the time set forth in the Rules of Court.

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the within pleading was served upon all parties within time, pursuant to rule 4:6-1(d).

Dated: 01/02/18

By: CLARK & DISTEFANO, P.C.

Robert F. DiStefano, Esq.
Attorney for the Plaintiff
Liberty Mutual Insurance Company

ATTORNEY OF RECORD'S NAME: ROBERT P. CLARK, ESQ.
NJ ATTORNEY ID# 257971972
CLARK & DiSTEFANO, P.C.
ATTORNEYS AT LAW
1500 MEETING HOUSE ROAD
POST OFFICE BOX 235
SEA GIRT, NEW JERSEY 08750
{732} 528-9111
ATTORNEY FOR PLAINTIFF{S}
OUR FILE NO: 5020.5844

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY<br>a Corporation<br><br>PLAINTIFF(S)<br><br>-VS-<br><br>GATEWAY CONSTRUCTION, a company, corporation<br>And/or other business entity, JOSE L. FERNANDES,<br>ROBERT E. BOWE, JOHN DOES, fictitious persons and/or entities<br>and DOE CORPORATION, a fictitious entity<br><br>DEFENDANT(S) | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MONMOUTH COUNTY<br><br>DOCKET NO.<br><br>CIVIL ACTION<br><br><br><br>DEMAND FOR DISCOVERY OF<br>INSURANCE COVERAGE |

TO:   Gateway Construction           Jose L. Fernandes
      9-11 Foundry Street            9-11 Foundry Street
      Newark, NJ 07105               Newark, NJ 07105

      Robert E. Bowe
      179 Sadler Road
      Bloomfield, NJ 07003

   Pursuant to Rule 4:10-2(b) demand is hereby made that you disclose to the Plaintiff whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy this judgment.

                      YES (   )   NO (   )

   If the answer is "yes" attach a copy of each or in the alternative state, under oath or certification (A) number (B) name and address (C) inception and expiration dates (D) names and addresses of all persons insured thereunder (E) personal injury limits (F) property damage limits (G) medical payment limits (H) name and addresses of person who has custody and possession thereof (I) where and when each policy or agreement can be inspected and copied.

Dated:                                 By:_____

# Civil Case Information Statement

## Case Details: MONMOUTH | Civil Part Docket#

**Case Caption:** Liberty Mutual Insurance Co. VS Gateway Construction
**Case Initiation Date:** 01/02/2018
**Attorney Name:** ROBERT P CLARK
**Firm Name:** CLARK & DI STEFANO, PC
**Address:** 1500 MEETINGHOUSE ROAD SEA GIRT NJ 08750
**Phone:**
**Name of Party:** PLAINTIFF : Liberty Mutual Insurance Co.
**Name of Defendant's Primary Insurance Company (if known):** None

**Case Type:** PIP COVERAGE
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Hurricane Sandy related?** NO
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

---

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? NO
If yes, is that relationship:
Does the statute governing this case provide for payment of fees by the losing party? NO
Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:

Do you or your client need any disability accommodations? NO
    If yes, please identify the requested accommodation:

Will an interpreter be needed? NO
    If yes, for what language:

---

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

01/02/2018
Dated

/s/ ROBERT P CLARK
Signed

```
MONMOUTH COUNTY
SUPERIOR COURT
PO BOX 1269
FREEHOLD            NJ 07728
                                          TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (732) 677-4240
COURT HOURS  8:30 AM - 4:30 PM

                            DATE:    JANUARY 02, 2018
                            RE:      LIBERTY MUTUAL INSURANCE CO.  VS GATEWAY CONSTRU
                            DOCKET:  MON L -000010 18

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 1.

     DISCOVERY IS   150 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON PAUL X. ESCANDON

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    004
AT:   (732) 677-4242 EXT 4242.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
  CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                            ATTENTION:
                                    ATT: ROBERT P. CLARK
                                    CLARK & DI STEFANO PC
                                    1500  MEETING HOUSE ROAD
                                    PO BOX 235
                                    SEA GIRT          NJ 08750

ECOURTS
```

ATTORNEY OF RECORD'S NAME: ROBERT F. DiSTEFANO, ESQ.
NJ ATTORNEY ID# 015861993
CLARK & DiSTEFANO, P.C.
ATTORNEYS AT LAW
1500 MEETING HOUSE ROAD
POST OFFICE BOX 235
SEA GIRT, NEW JERSEY 08750
{732} 528-9111
ATTORNEY FOR PLAINTIFF{S}
OUR FILE NO: 5020.5844

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY<br>a Corporation<br><br>PLAINTIFF(S)<br><br>-VS-<br><br>GATEWAY CONSTRUCTION, a company, corporation<br>And/or other business entity, JOSE L. FERNANDES,<br>ROBERT E. BOWE, JOHN DOES, fictitious persons and/or entities<br>and DOE CORPORATION, a fictitious entity<br><br>DEFENDANT(S) | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MONMOUTH COUNTY<br><br>DOCKET NO.<br><br>CIVIL ACTION<br><br><br><br><br><br>COMPLAINT AND JURY DEMAND |

The plaintiff, Liberty Mutual Insurance Company, a Corporation authorized to do business in the State of New Jersey, with offices located at 100 Willowbrook Road, Freehold, New Jersey 07728 by way of complaint, says:

### FIRST COUNT

1. At all times hereinafter mentioned, the plaintiff was a corporation authorized to do business in the State of New Jersey and was engaged in the business of underwriting automobile insurance policies for members of the general public and for Seungkyu Lee, in particular.

2. The aforesaid policy in effect at the time hereafter mentioned provided personal injury protection benefits to the plaintiff's insured, Seungkyu Lee, in accordance with N.J.S.A. 39:6A-1 et seq.

3. On or about January 6, 2017, the plaintiff's insured, Seungkyu Lee, was the owner and operator of a certain motor vehicle. Said motor vehicle was involved in an automobile accident while lawfully stopped in traffic northbound on Route 1, in the Township of Fort Lee, County of Bergen and State of New Jersey.

4. At the time and place aforesaid, the defendant, Gateway Construction, a company, corporation and/or other business entity (hereinafter mentioned "Gateway"), Jose L. Fernandes and/or John Does, fictitious persons and/or entities, were the owners of a certain motor vehicle, then and there being operated by the defendant, Robert E. Bowe, individually and as agent, servant and/or employee of the defendants, Gateway Construction, Jose L. Fernandes and/or John Does, fictitious persons and/or entities, which was proceeding northbound on Route 1, behind the plaintiff's insured, located aforesaid, in such a careless, reckless and negligent manner, so as to cause same to collide with and strike the rear of the plaintiff's insured's motor vehicle.

5. As a result of the negligence of the defendants, Gateway Construction, Jose L. Fernandes and/or John Does, fictitious persons and /or entities, as aforesaid, the plaintiff's insured, Seungkyu Lee, suffered severe and permanent injuries, endured great pain and suffering, incurred expense in an effort to treat his injuries and was prevented from attending to his lawful occupation and affairs.

6. As a result of the aforesaid, the plaintiff's insured, Seungkyu Lee, made a claim upon the plaintiff for the payment of personal injury protection benefits in accordance with the terms of his policy

7. As a result of that claim, the plaintiff has made payments for benefits for personal injury protection in accordance with N.J.S.A. 39:6A-4 et seq.

**WHEREFORE**, the plaintiff demands judgment against the defendants, Gateway Construction, Jose L. Fernandes and/or John Does, fictitious persons and /or entities, for damages, together with interest and costs of suit.

### SECOND COUNT

1. The plaintiff repeats the allegations of the first count and makes the same a part hereof.

2. At the time of the accident alleged, the defendants, Gateway Construction, Jose L. Fernandes and/or John Does, fictitious persons and /or entities, were either obligated to maintain liability insurance coverage in accordance with *N.J.S.A. 39:6B-1., et.* seq., or was otherwise insured under a policy or polices of liability or excess insurance.

3. At the time and place aforesaid, Doe Corporation, a fictitious entity, was a liability insurance carrier for the defendants, Gateway Construction, Jose L. Fernandes and/or John Does, fictitious persons and /or entities, providing coverage or excess coverage for liability to others.

4. *N.J.S.A. 39:6A-9.1* compels the insurance company of insured tortfeasors to arbitrate claims for the recovery of personal injury protection benefits by PIP payors, such as the plaintiff herein, and the plaintiff herein is entitled to a claim for direct reimbursement of benefits against the insurer, Doe Corporation, a fictitious entity.

5. In the event that the defendants are insured by the defendant, Doe Corporation, a fictitious entity, for liability or excess insurance at the time of the accident herein, the defendant, Doe Corporation, a fictitious entity, is responsible for reimbursement to the plaintiff herein and must arbitrate the plaintiff's claims before an appropriate arbitration forum.

**WHEREFORE**, the plaintiff demands declaratory judgment:

a. Declaring that the defendant, Doe Corporation, a fictitious entity, is obligated to arbitrate the plaintiff's claims for personal injury protection benefits paid to it's insured;
b. Compelling the defendant, Doe Corporation, a fictitious entity, to arbitrate the claims of the plaintiff and naming the appropriate arbitration forum for the arbitration of the plaintiff's claims;
c. Costs of suit;
d. For such other relief as the Court may deem just and equitable.

### TRIAL COUNSEL DESIGNATION

Pursuant to R. 4-5-1{c}, Robert P. Clark, Esquire, is hereby designated as trial counsel in this matter.

### JURY DEMAND

Pursuant to R. 4:35-1, plaintiff demands a panel of six persons at the time of the trial in the within matter.

### CERTIFICATION OF OTHER ACTIONS

The undersigned hereby certifies that to the best of my knowledge, information, and belief, the within action is not the subject of any other action, or arbitration, pending or contemplated, and there are no parties known at this time who should be joined in this matter.

### DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to R. 4:10-2{b}, demand is hereby made for the defendant to provide answer to the within Demand for Discovery of Insurance Coverage within the time set forth in the Rules of Court.

### REQUEST FOR INTERROGATORIES

Pursuant to R. 4:17-1, et seq., demand is hereby made as to the defendant for answers to interrogatories within the time set forth in the Rules of Court.

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the within pleading was served upon all parties within time, pursuant to rule 4:6-1(d).

Dated: 01/02/18            By:

CLARK & DISTEFANO, P.C.

Robert F. DiStefano, Esq.
Attorney for the Plaintiff
Liberty Mutual Insurance Company

ATTORNEY OF RECORD'S NAME: ROBERT P. CLARK, ESQ.
NJ ATTORNEY ID# 257971972
CLARK & DiSTEFANO, P.C.
ATTORNEYS AT LAW
1500 MEETING HOUSE ROAD
POST OFFICE BOX 235
SEA GIRT, NEW JERSEY 08750
{732} 528-9111
ATTORNEY FOR PLAINTIFF{S}
OUR FILE NO: 5020.5844

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY<br>a Corporation<br><br>PLAINTIFF(S)<br><br>-VS-<br><br>GATEWAY CONSTRUCTION, a company, corporation<br>And/or other business entity, JOSE L. FERNANDES,<br>ROBERT E. BOWE, JOHN DOES, fictitious persons and/or entities<br>and DOE CORPORATION, a fictitious entity<br><br>DEFENDANT(S) | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MONMOUTH COUNTY<br><br>DOCKET NO.<br><br>CIVIL ACTION<br><br><br><br>DEMAND FOR DISCOVERY OF<br>INSURANCE COVERAGE |

TO:  Gateway Construction          Jose L. Fernandes
     9-11 Foundry Street           9-11 Foundry Street
     Newark, NJ 07105              Newark, NJ 07105

     Robert E. Bowe
     179 Sadler Road
     Bloomfield, NJ 07003

    Pursuant to Rule 4:10-2(b) demand is hereby made that you disclose to the Plaintiff whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy this judgment.

YES (    )    NO (    )

    If the answer is "yes" attach a copy of each or in the alternative state, under oath or certification (A) number (B) name and address (C) inception and expiration dates (D) names and addresses of all persons insured thereunder (E) personal injury limits (F) property damage limits (G) medical payment limits (H) name and addresses of person who has custody and possession thereof (I) where and when each policy or agreement can be inspected and copied.

Dated:                                        By:_____

# Civil Case Information Statement

## Case Details: MONMOUTH | Civil Part Docket#

**Case Caption:** Liberty Mutual Insurance Co. VS Gateway Construction
**Case Initiation Date:** 01/02/2018
**Attorney Name:** ROBERT P CLARK
**Firm Name:** CLARK & DI STEFANO, PC
**Address:** 1500 MEETINGHOUSE ROAD SEA GIRT NJ 08750
**Phone:**
**Name of Party:** PLAINTIFF : Liberty Mutual Insurance Co.
**Name of Defendant's Primary Insurance Company (if known):** None

**Case Type:** PIP COVERAGE
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Hurricane Sandy related?** NO
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? NO

If yes, is that relationship:

Does the statute governing this case provide for payment of fees by the losing party? NO

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:

Do you or your client need any disability accommodations? NO
   If yes, please identify the requested accommodation:

Will an interpreter be needed? NO
   If yes, for what language:

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

01/02/2018
Dated

/s/ ROBERT P CLARK
Signed

# EXHIBIT B

CRAIG CARPENITO
United States Attorney
KRISTIN L. VASSALLO
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
Tel. (973) 645-2835
Fax. (973) 297-2010
email: kristin.vassallo@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY,<br><br>*Plaintiff,*<br><br>v.<br><br>GATEWAY CONSTRUCTION, *et al.,*<br><br>*Defendants.* | HON.<br><br>*Civil Action No.*<br><br>CERTIFICATION OF SCOPE OF EMPLOYMENT |

Pursuant to the provisions of 28 U.S.C. § 2679 and 42 U.S.C. § 233(c), and by virtue of the authority delegated to me under 28 C.F.R. § 15.4, I hereby certify that I have read the complaint filed in the above action. On the basis of the information now available to me with respect to the incident alleged therein, I find that Robert Bowe was acting within the scope of his employment as an employee of the U.S. Department of Justice, Drug Enforcement Administration at all relevant times.

Dated:   February 12, 2018                              CRAIG CARPENITO
                                                        United States Attorney

                                                By:     _____
                                                        CAROLINE A. SADLOWSKI
                                                        Assistant United States Attorney
                                                        Chief, Civil Division

# EXHIBIT C



**U.S. Department of Justice**

United States Attorney
District of New Jersey
*Civil Division*

___

CRAIG CARPENITO
UNITED STATES ATTORNEY

*Kristin L. Vassallo*
*Assistant United States Attorney*

*970 Broad Street, Suite 700*
*Newark, NJ 07102*
*kristin.vassallo@usdoj.gov*

*main:   (973) 645-2700*
*direct: (973) 645-2835*
*fax:     (973) 297-2010*

February 13, 2018

**BY FEDERAL EXPRESS**
Clerk, Superior Court of New Jersey
Monmouth County, Law Division
71 Monument Park
Freehold, New Jersey 07728

  Re: *Liberty Mutual Insurance Co. v. Gateway Construction, et al.*
     Superior Court of New Jersey, Monmouth County, MON-L-10-18

To the Clerk of Court:

  Enclosed please find two copies of a Notice of Removal and a Civil Cover Sheet for the above case pending in the Superior Court of New Jersey, Monmouth County, Law Division, Docket Number MON-L-10-18 and captioned *Liberty Mutual Insurance Co. v. Gateway Construction, et al.* The above case was removed to federal district court on or about February 13, 2018. We respectfully request that you file the Notice of Removal and return one stamped copy to this Office in the enclosed self-addressed, no postage-necessary envelope.

  We note that, pursuant to 28 U.S.C. § 1446(d), upon the filing of the Notice of Removal, the action is removed to federal district court, the state court "shall proceed no further" with this matter unless the case is remanded.

Thank you for your assistance with this matter.

                                          Very truly yours,

                                          CRAIG CARPENITO
                                          United States Attorney

                              By:    */s/Kristin L. Vassallo*
                                          KRISTIN L. VASSALLO
                                          Assistant United States Attorney

Enclosures

cc:     Robert F. DiStefano, Esq.
        Clark & DiStefano, P.C.
        1500 Meeting House Road
        Post Office Box 235
        Sea Girt, NJ 08750